**Affirmed in Part and Reversed and Remanded in Part and Opinion filed November 17, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00175-CV

---

### J.M. ARPAD LAMELL, Appellant

### V.

### ONEWEST BANK, FSB, A FOREIGN CORPORATION, Appellee

---

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2010-11491**

---

# O P I N I O N

A homeowner filed suit against a mortgage servicer asserting a variety of claims in conjunction with the mortgage servicer's attempt to foreclose on the homeowner's property. The mortgage servicer sought summary judgment on some of the claims. In response to the mortgage servicer's summary-judgment motion, the homeowner asserted that the mortgage servicer could not foreclose on his property because the deed of trust and attached note were void due to securitization

issues. We conclude that the deed of trust is not void. We affirm in part and reverse and remand in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant/plaintiff J.M. Arpad Lamell executed a promissory note to Home123 Corporation/New Century Mortgage to refinance his home. A deed of trust secured the note. A few years after this transaction, Lamell received notice that servicing for his loan had been transferred to IndyMac Mortgage Services, a division of OneWest Bank[1] ("OneWest"). The deed of trust named as beneficiary Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Home 123 Corporation and its successors and assigns ("MERS"). Effective April 11, 2010, MERS assigned the deed of trust to the CSMC Trust. OneWest serviced the loan on behalf of CSMC Trust.

During 2008 and 2009 Lamell protested the property tax appraisal on his home. Both protests led to lawsuits. During the pendency of the lawsuits, Lamell did not pay the contested portion of his property tax, but OneWest advanced funds to pay the disputed taxes assessed on the home. OneWest raised Lamell's payments to cover the funds OneWest advanced to pay the contested portion of Lamell's property taxes. Lamell filed a lawsuit against the Harris County Appraisal District (HCAD), the Appraisal Review Board of the Harris County Appraisal District, and the Harris County Tax Assessor-Collector ("Harris County Parties"). During the pendency of that lawsuit, Lamell stopped making payments

---

[1] In his reply brief, Lamell requests this court to take judicial notice of news releases announcing the Federal Deposit Insurance Corporation's takeover of IndyMac in 2008 and announcing the sale of IndyMac's banking operations to OneWest Bank, the information available regarding Lamell's property on HCAD's "Real Property Account Information" page for Lamell's property, and a notice of rejection sent by New Century to MERS. Assuming without deciding that we may take judicial notice of these documents, doing so would not change the outcome of this appeal. *See Thornton v. Cash*, No. 14-11-01092, 2013 WL 1683650, at *14 (Tex. App.—Houston [14th Dist.] Apr. 18, 2013, no pet.) (mem. op.).

on the note and OneWest threatened foreclosure. Lamell then added OneWest as a named defendant in his lawsuit against the Harris County Parties. Lamell later reached a settlement with the Harris County Parties, but continued his suit against OneWest.

In his original petition, the only claim Lamell asserted against OneWest was a claim that "[a]ll the Defendants together have violated Plaintiff's right to Due Process." Based on the claims asserted in his petition, Lamell requested that the trial court (1) enjoin OneWest from initiating acceleration, foreclosure, or deficiency actions, (2) require OneWest to correct any negative reports it may have provided to credit reporting agencies, and (3) order OneWest to restore Lamell's mortgage payment to the amount in force before the imposition of escrow. In response to OneWest's notice of intent to foreclose on his property, Lamell sought and received a temporary restraining order. Lamell then requested a temporary injunction. The trial court denied this request and dissolved the temporary restraining order.

Lamell challenged the denial of the temporary injunction by interlocutory appeal. In conjunction with the appeal, Lamell filed a motion to stay the enforcement of the order denying injunctive relief, or in the alternative, to set a supersedeas bond. The trial court ruled that Lamell could supersede the order denying his request for a temporary injunction during Lamell's appeal, and the trial court set the supersedeas amount that Lamell would have to post to supersede the order. Lamell deposited cash with the trial court clerk in lieu of a supersedeas bond. This court eventually dismissed Lamell's interlocutory appeal as moot based on the trial court's grant of summary judgment as to all of Lamell's claims. *See Lamell v. Indymac Mortgage Servs., F.S.*, 2013 WL 3580634, at *1 (Tex. App.—Houston [14th Dist.] July, 11, 2013, pet. denied) (mem. op.). The trial

court then ordered the supersedeas funds to be released to OneWest.

OneWest moved for summary judgment asserting both traditional and no-evidence grounds. OneWest argued it was entitled to summary judgment on the following grounds:

(1) Lamell's claims for violation of due process, equal and uniform tax appraisal, false agency, and unlawful tax collection lack evidentiary support;

(2) Lamell has no evidence of his failure-to-disclose claim;

(3) Lamell has no evidence of fraud or misrepresentation;

(4) Lamell has no evidence of conversion;

(5) Lamell lacks standing to challenge the assignment and securitization of the note;

(6) Lamell's arguments about "backdating" are without merit;

(7) There is no evidence that the assignment or securitization of the loan are improper;

(8) There is no evidence OneWest committed any wrongful act under the Texas Debt Collections Act or Fair Debt Collection Practices Act; and

(9) Lamell cannot assert a claim against OneWest for unfair debt collection, because OneWest is not a debt collector under either act.

Lamell filed three supplemental petitions after OneWest filed its traditional and no-evidence summary-judgment motion. In these supplemental petitions, Lamell asserted claims against OneWest for (1) unlawful tax collection, (2) unlawful levy and lien, (3) wrongful acceleration/foreclosure, (4) false pretense, (5) breach of contract, (6) violation of the Real Estate Settlement Procedures Act, (7) slander of title, (8) mortgage and title fraud, (9) unfair debt collection, (10) mail fraud, (11) civil conspiracy, (12) unjust enrichment, and (13) fraud. Lamell sought injunctive relief and a declaratory judgment that OneWest is not the owner and holder of the note. In Lamell's supplement to the supplemental petition and

second supplement to the supplemental petition, Lamell asserted that (1) OneWest has no authority to foreclose, (2) the note is not genuine, (3) OneWest's authority is without consideration, and (4) the statute of frauds bars recovery.

The trial court granted OneWest's summary-judgment motion.[2] Lamell now challenges that ruling in this appeal.

## II.     ANALYSIS

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must

---

[2] Lamell filed a motion requesting that we abate this appeal to allow the trial court clerk time to supplement the record. The record has been supplemented. We deny as moot Lamell's motion to abate the appeal.

5

affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

### A. Standing

At the outset, we address OneWest's argument that Lamell lacks standing to challenge the date of the assignment or the securitization of the note because if that argument has merit this court would lack jurisdiction over such claims. The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a justiciable interest in its outcome. *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005). A plaintiff has standing when it is personally aggrieved. *Id.* The standing doctrine requires that there be a real controversy between the parties that actually will be determined by the judicial declaration sought. *Id.* at 849. This court previously determined that a homeowner bringing suit to remove a cloud on title, and seeking a judgment canceling a deed of trust, had standing to argue the deed of trust was invalid because the party attempting to enforce the deed of trust was not the owner and holder of the associated note. *See Morlock, L.L.C., v. Nationstar Mortg., L.L.C.*, 447 S.W.3d 42, 45 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). In so holding, this court determined that a homeowner's interest in the title to his property gives the homeowner a sufficient justiciable interest to advance arguments challenging the deed of trust. *See id.* In *Morlock*, the homeowner argued that the deed of trust was invalid because the party claiming a right to enforce the deed of trust through non-judicial foreclosure was not the owner and holder of the associated note. *See id.* at 47. As in *Morlock*, Lamell asserts that the deed of trust is void because there are problems with the assignment and securitization of the deed of trust and note. Although *Morlock* involved a suit to remove a cloud on title, and Lamell has

asserted a variety of claims against OneWest, Lamell asserts the same justiciable interest in challenging the assignment and securitization of the note and deed of trust. In both cases, the homeowner's justiciable interest vests in challenging an alleged interest in the title to the homeowner's real property. Because Lamell's justiciable interest is the same as Morlock's, we conclude that Lamell has standing to seek a determination as to these issues as part of his challenge to OneWest's right to enforce the deed of trust. *See id.* at 45. Accordingly, we conclude Lamell has standing to challenge the assignment and securitization of the note. *See id.*

## B. Claims Not Challenged in OneWest's Summary-Judgment Motion

Lamell asserts that the trial court erred in granting OneWest's summary-judgment motion because OneWest did not assert summary-judgment grounds that applied to all of the claims in Lamell's supplemental petitions. A summary-judgment motion must stand or fall on the grounds expressly presented in the motion. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 341 (Tex. 1993). Nonetheless, if the summary-judgment grounds expressly presented in the motion are sufficiently broad to encompass claims first asserted in an amended pleading filed after the motion, it is procedurally appropriate for the trial court to grant summary judgment as to these new claims, even if the movant does not amend the motion to address the new claims. *See Wilson v. Korthauer,* 21 S.W.3d 573, 579 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). To state a no-evidence ground the movant must assert clearly that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i) (stating that a no-evidence movant seeks "summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial" and that "[t]he motion must

7

state the elements as to which there is no evidence"); *BP Oil Pipeline Co. v. Plains Pipeline, L.P.*,—S.W.3d—,—, 2015 WL 3988574, at *13 (Tex. App.—Houston [14th Dist.] June 30, 2015, no pet. h.). In his supplemental petitions, Lamell added claims against OneWest.

OneWest did not expressly present any traditional summary-judgment grounds in its motion that are sufficiently broad to encompass Lamell's claims for unlawful tax collection, unlawful levy and illegal lien, wrongful acceleration/foreclosure, violation of Real Estate Settlement Procedures Act, unjust enrichment, slander of title, mortgage or title fraud, false pretense, civil conspiracy, mail fraud, breach of contract, or any other claim asserted in Lamell's supplemental petition, supplement to the supplemental petition, or second supplement to the supplemental petition.[3] The only statement in OneWest's summary-judgment motion that arguably might constitute a no-evidence summary-judgment ground attacking some of these claims reads as follows:

> OneWest is entitled to summary judgment on Plaintiff's claims for violation of due process, violation of equal and uniform tax appraisal, false agency, and unlawful tax collection (to the extent such claims can be asserted against OneWest) because there is no evidence to support them.

This statement is not sufficiently specific to constitute a no-evidence summary-judgment ground because OneWest did not state there is no evidence of one or more essential elements of any of Lamell's alleged claims. *See* Tex. R. Civ. P. 166a(i); *BP Oil Pipeline Co.*,—S.W.3d at —, 2015 WL 3988574, at *13–14. Because OneWest did not assert a summary-judgment ground challenging Lamell's claims for unlawful tax collection, unlawful levy and illegal lien, wrongful acceleration/foreclosure, violation of the Real Estate Settlement

---

[3] OneWest did not specially except to Lamell's pleadings.

Procedures Act, unjust enrichment, slander of title, mortgage or title fraud, false pretense, civil conspiracy, mail fraud, breach of contract, Lamell's request for declaratory judgment that neither IndyMac nor any party seeking to foreclose on IndyMac's behalf is the owner and holder of the note, or any claim asserted in Lamell's supplemental petition, supplement to the supplemental petition, or second supplement to the supplemental petition, we sustain Lamell's first issue with respect to these claims. And, we reverse the summary judgment with respect to those claims.[4] *See Espeche v. Ritzell*, 123 S.W.3d 657, 664 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

### C. Fraud

OneWest asserted as a summary-judgment ground that there is no evidence that the assignment and securitization of the note are improper, and OneWest specifically asserted that there is no evidence of each of the elements of Lamell's claim for fraud. Accordingly, OneWest filed a no-evidence summary-judgment ground that was sufficiently specific to amount to an attack on Lamell's fraud claim.

Lamell challenges the summary judgment by pointing to various issues he contends create problems with the assignments among the various parties. These problems include potential issues related to backdating and problems with the authenticity of the note. Lamell does not specifically state how these problems would preclude summary judgment on any particular claim. We presume for the sake of argument that these issues relate to Lamell's fraud claim and we address them to the extent they relate to his fraud claim. In its summary-judgment motion, OneWest asserted that even if the securitization or assignment of the note contained the problems Lamell describes, those problems did not affect OneWest's

---

[4] In doing so, we make no comment on the merits of these claims.

ability to foreclose on the deed of trust.

### 1. Deed of Trust

Lamell asserts that the deed of trust is void because it was securitized in the CSMC Mortgage-backed trust in violation of the terms of the Pooling and Servicing Agreement that governs the trust. In particular, Lamell asserts that the deed of trust is void because it was not assigned to the trust before the trust's start-up date and because there is no evidence that the deed of trust was transferred into the trust by the depositor.

The deed of trust names MERS, and all of MERS's successors and assigns, as beneficiaries. The record contains an assignment of the deed of trust from Champagne Williams, on behalf of MERS, to U.S. Bank National Association, as trustee for the trust. The deed of trust was assigned on June 29, 2010, effective April 11, 2010. The Pooling and Servicing Agreement governs the operation of the trust.

The Pooling and Servicing Agreement classifies different types of loans that may be sold to the trust. It states that the trust will elect to be treated as a real estate mortgage investment conduit, a classification that affords the trust a certain type of treatment for federal income taxation purposes. According to Lamell, this type of treatment requires all loans to be sold to the trust by the start-up date, which was in March 2007. Thus, Lamell asserts, because MERS assigned the deed of trust to the trust in 2010, the assignment violated the terms of the Pooling and Servicing Agreement and the violation renders the deed of trust void.

Lamell does not assert that any provision in the deed of trust prevented MERS from assigning the instrument to the CSMC Trust. Nor does Lamell assert any provision of the Pooling and Servicing Agreement states that a deed of trust

10

improperly placed in the trust renders the deed of trust void. To the contrary, the Pooling and Servicing Agreement contemplates the delivery of loans into the trust after the closing date. It acknowledges that parties may need to purchase additional loans and place them into the trust at later dates in certain situations. In section 2.03(c), for example, the Pooling and Servicing Agreement contemplates the possibility that a party may be required to purchase a substitute loan and deposit it into the trust at a later date in certain circumstances. Section 2.05 also notes that mortgages may be transferred into the trust after the closing date under certain circumstances. In section 2.07(g), the parties contemplate the possibility that loans will be placed into the trust, causing the trust to be taxed. The Pooling and Servicing Agreement apportions liability for such a tax to various parties. Section 3.01 authorizes each servicer and sub-servicer to use its best judgment to determine when it is best to register any related loan on the MERS system or to cause the removal from the registration of any loan. The servicers and sub-servicers have the authority to execute and deliver on behalf of the trustee and the certificate holders, any and all instruments of assignment and other comparable instruments to achieve these purposes. The Pooling and Services Agreement contains provisions discussing compensation for any potential tax penalties incurred. In sum, the text of the agreement does not support Lamell's assertion that any loan assigned to the trust after the closing date violates the Pooling and Services Agreement.

Even presuming for the sake of argument that the deed of trust was placed into the trust in violation of trust's terms, Lamell has not cited and we have not found any authority holding that the breach of the securitization agreement renders the deed of trust void. The record contains the deed of trust executed by Lamell to Home123. The record also contains an assignment, signed by Champagne

Williams on behalf of MERS, from MERS, acting solely as nominee for Home123 Corporation, to the CSMC Trust. The summary-judgment evidence does not show as a matter of law that the deed of trust is void, nor does it raise a genuine fact issue on this point. Therefore, Lamell's argument that the deed of trust is void does not show that the trial court erred in granting summary judgment as to his fraud claim.

### 2. *Owner and Holder Status*

Lamell also asserts that OneWest, as the servicer of the mortgage, cannot foreclose because OneWest did not prove its status as owner and holder of the note. OneWest produced the note signed by Lamell along with an assignment to OneWest. OneWest indorsed the note in blank.

Lamell asserts that the note is void and summary judgment for OneWest is improper because:

- OneWest had an assignment of mortgage executed on June 29, 2010, that purported to be effective April 11, 2010. The assignment is shown as being executed by Champagne Williams on behalf of MERS, acting solely as nominee for Home123 Corporation. This assignment shows Home123 Corporation as the present owner and holder of the Note, but Home123 Corporation was not in existence at the time.

- OneWest produced a copy of the note in October 2010 that it asserted was a certified copy of the original. The copy showed no indorsements. At a hearing in March 2012, the trial court required OneWest to appear with the note and proof that the instrument was assigned to OneWest. In April 2012, OneWest brought a document that was allegedly the original note with a new extra page showing three rubber stamp indorsements. According to Lamell, this copy of the note with the indorsements contained bleed-through ink marks that were not visible on the certified and authenticated note produced in October 2010.

- Lamell asserts that OneWest's failure to originally produce the note with the indorsements prevented him from conducting complete discovery and therefore from discovering other fact issues. Based on these alleged

discovery violations, Lamell asserts the trial court should not have considered the note produced in April 2012 as evidence.

- Even considering the 2012 note as evidence, there is an unexplained indorsement gap between Home123 and CSMC Trust.

OneWest eventually produced the note Lamell signed with Home123 Corporation and that note had an indorsement from Home123 Corporation to New Century Mortgage Corporation, an indorsement from New Century Mortgage Corporation to IndyMac Bank [OneWest], and an indorsement in blank by IndyMac Bank. With respect to this note, Lamell acknowledges that the document produced by OneWest contains an indorsement in blank, but complains the trial court should not have considered the note because OneWest did not initially produce it in discovery. Lamell also asserts that some ink markings that bled through to the front of the note raise fact-issues about the authenticity of the instrument. Additionally, Lamell contends the assignment and securitization issues, the potential forgery or fabrication of the evidence, and the discovery violations show the note is void. But Lamell does not cite any authority holding that any of these issues render the note void, nor does he explain how these issues would render the note void.

With respect to Lamell's argument that Home123 was an "extinct" corporation, the record does not contain any evidence that Home123 no longer exists or is incapable of assigning the note or deed of trust. Instead, Lamell states on appeal that the bankruptcy of Home123 is "widely reported in the media" and mentions that another case is pending in district court that references the bankruptcy. The record does not contain evidence raising a fact-issue on Lamell's assertion that Home123 was "extinct" at the time it assigned the note and therefore the note is void. To the extent Lamell asserts the bleed-through on the note shows the assignments between third-parties were fabricated or forged, such a claim

would render the note merely voidable, not void. *See Nobles v. Marcus*, 533 S.W.2d 923, 926 (Tex. 1976); *Morlock, L.L.C. v. Bank of New York*, 448 S.W.3d 514, 517 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Lamell has not cited, nor have we found any authority suggesting that a discovery violation would somehow make a note void. We conclude that the summary-judgment evidence does not raise a fact issue on Lamell's claim that the note is void.

We need not address Lamell's other complaints regarding the note because OneWest did not need to be the owner or holder of the note to foreclose since OneWest was acting on behalf of the CSMC Trust, which held the deed of trust. Non-judicial sales of real property under contract liens are governed by Chapter 51 of the Texas Property Code. *See* Tex. Prop. Code Ann. § 51.001, et seq. (West, Westlaw through 2015 R.S.). Under section 51.0025, a mortgagee or a mortgage service provider may conduct foreclosure proceedings without proving its status as the owner and holder of the note. *See* Tex. Prop. Code Ann. § 51.0025 (West, Westlaw through 2015 R.S.); *Morlock*, 447 S.W.3d at 47.

Lamell admits OneWest is servicing his mortgage. We already have addressed Lamell's complaints regarding the deed of trust and found they lack merit. The summary-judgment evidence shows that the actions taken by OneWest to foreclose were appropriate, even in the absence of proof that OneWest is the owner and holder of the note. Because Lamell's arguments are without merit, we overrule his first issue with respect to his fraud claim.

### D. Claims Under Fair Debt Collection Practices Acts

Lamell asserts a claim against OneWest under the federal Fair Debt Collection Practices Act and its state counterpart, the Texas Fair Debt Collection Practices Act. *See* 15 U.S.C. § 1692 (West, Westlaw through Pub. L. No.114-49); Tex. Fin. Code Ann. § 392.001 et. seq. (West, Westlaw through 2015 R.S.).

14

Lamell challenges OneWest's attempts to collect property taxes that Lamell was actively protesting and that Lamell claims he did not owe. OneWest moved for summary judgment on the ground that OneWest is not a debt collector within the meaning of the federal and state Fair Debt Collection Practices Acts.

With respect to the both the federal and state Fair Debt Collection Practices Acts, OneWest asserts that is not a debt collector within the meaning of 15 U.S.C. § 1692a(6). OneWest does not provide any additional citation or explanation for why it is not a debt collector under the Texas Fair Debt Collection Practices Act. OneWest simply cites the federal statute and alleges that it is not a debt collector under the Texas Fair Debt Collection Practices Act.

The federal Fair Debt Collection Practices Act provides:

> The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692(a). Section 1692(a)(6) further narrows the meaning of "debt collector" by excluding "any person collecting or attempting to collect any debt owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." *See id.* § 1692(a)(6)(F)(iii). Under 15 U.S.C. § 1692(a)(6), a debt collector does not include a mortgage servicing company that began servicing the mortgage before it was in default. *See CA Partners v. Spears*, 274 S.W.3d 51, 79 (Tex. App.—Houston [14th Dist.] 2008, pet. denied); *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 723 (5th Cir. 2013). The summary-judgment evidence shows OneWest was servicing Lamell's mortgage before the note went into default. As a matter of law, OneWest is not a debt collector under the Fair Debt Collection Practice Act. The trial court

did not err in granting summary judgment with respect to Lamell's claims under the federal Fair Debt Collection Practices Act. *See CA Partners*, 274 S.W.3d at 79; *Miller*, 726 F.3d at 723.

Whether mortgage servicers constitute "debt collectors" under the Texas Fair Debt Collection Practices Act appears to be an issue of first impression in Texas. In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id*. If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id*.

The Texas Fair Debt Collection Practices Act defines "debt collector" as "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." Tex. Fin. Code Ann. § 392.001(6) (West, Westlaw through 2015 R.S.). There are no statutory exceptions. *See id*. The summary-judgment evidence shows that OneWest directly engaged in collecting a debt and therefore qualifies as a debt collector under the plain language of the Texas Fair Debt Collection Practices Act. *See Miller*, 726 F.3d at 723 (holding mortgage servicers are debt collectors under Texas Fair Debt Collection Practices Act). *See also Smith v. Heard*, 980 S.W.2d 693, 697 (Tex. App.—San Antonio 1998, pet. denied) (noting actors are not excused from provision of Texas Fair Debt Collection Practices Act because debt is owed

16

directly to actor); *Monroe v. Frank*, 936 S.W.2d 654, 659–60 (Tex. App.—Dallas 1996, writ dism'd w.o.j.) (same). Because OneWest was not entitled to judgment as a matter of law on its only summary-judgment ground against Lamell's claim under the Texas Fair Debt Collection Practices Act, the trial court erred in granting summary judgment on this claim.[5]

### E. Supersedeas Bond[6]

In the trial court, Lamell filed a motion to stay enforcement of the order denying the temporary injunction or, in the alternative, to set a supersedeas bond amount pending appeal. In the motion, Lamell argued that under Texas Rule of Appellate Procedure 24, the trial court had the authority to set the amount of a supersedeas bond that Lamell could file to supersede the order denying temporary injunction while Lamell appealed this order, and Lamell urged the trial court to grant this relief. OneWest opposed the motion.

The trial court granted Lamell's request and determined that Lamell could supersede the order denying his request for a temporary injunction during Lamell's appeal, and the trial court set the supersedeas amount that Lamell would have to post to supersede the order. Lamell deposited cash with the trial court clerk in lieu of a supersedeas bond. After Lamell's interlocutory appeal was dismissed, OneWest requested the release of these funds.

In Lamell's second issue, Lamell asserts the trial court abused its discretion in granting OneWest's motion to authorize release of the supersedeas funds to OneWest. In support of this issue, Lamell argues that (1) OneWest is not entitled

---

[5] OneWest also asserted in its summary-judgment motion that it did nothing wrong, but this ground is not sufficiently specific.

[6] Lamell deposited cash in lieu of a supersedeas bond. Both parties refer to a supersedeas bond in their briefs. We sometimes refer to the cash deposit as a supersedeas bond for ease of reference.

to receive the money because it has no authority to conduct foreclosure proceedings and because there are fact issues as to whether the note and deed of trust are void; (2) the trial court should not have stated that foreclosure proceedings may go forward because OneWest did not seek this relief in its pleadings, nor did it request a declaratory judgment under Chapter 37 of the Civil Practice and Remedies Code; (3) OneWest did not request release of these funds in its pleadings; and (4) Lamell was not a judgment debtor under Texas Rule of Appellate Procedure 24.1.

As to the first argument, we already have addressed Lamell's arguments that the note and assignments are void, and the record reflects that OneWest had authority to conduct foreclosure proceedings. With respect to Lamell's second argument, OneWest was not required to ask the trial court in its pleadings to state in its order that foreclosure proceedings may advance, nor was OneWest required to request declaratory relief in this regard.

As to Lamell's third argument, OneWest was not required to amend its pleadings for the trial court to release the cash deposited in lieu of a supersedeas bond. OneWest's motion requesting release of the cash in lieu of the supersedeas bond was sufficient. *Cf. Muniz v. Vasquez*, 797 S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1990, no pet.). With respect to Lamell's fourth argument, Lamell urged the trial court to set the supersedeas amount so that he could supersede the order denying temporary injunction. Over OneWest's opposition, Lamell argued the trial court could and should supersede this order under Texas Rule of Appellate Procedure 24. The trial court granted Lamell's request and allowed him to supersede the denial of the temporary injunction.

Now, on appeal, Lamell argues that he was not a judgment debtor under Texas Rule of Appellate Procedure 24.1. If that assertion is true, Lamell was not

18

entitled to supersede the order under that rule. Lamell argues that the trial court should not have granted his request to allow him to supersede the order because there was nothing to supersede in the trial court. Under the doctrine of invited error, a party cannot request a specific action in the trial court and then complain on appeal that the trial court committed error in granting the requested relief. *See Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005); *Gordon v. Gordon*, No. 14-10-01031-CV, 2011 WL 5926723, at *7 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.). Lamell is estopped from arguing now that the trial court erred in granting him the very relief he requested. *See Weidner v. Sanchez*, 14 S.W.3d 353, 366–67 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The invited-error doctrine prevents Lamell from denying that the bond posted was a supersedeas bond and from arguing that the trial court erred in ordering it. *See Tittizer*, 171 S.W.3d at 862; *Gordon*, 2011 WL 5926723, at *7.

Because Lamell's first, second, third, and fourth arguments lack merit,we overrule Lamell's second issue. *See Tittizer*, 171 S.W.3d at 862; *Gordon*, 2011 WL 5926723, at *7.

### III.    CONCLUSION

The trial court erred in granting OneWest's summary-judgment motion with respect to Lamell's claims for declaratory judgment, unlawful tax collection, unlawful levy and illegal lien, wrongful acceleration/foreclosure, violation of Real Estate Settlement Procedures Act, violation of the Texas Fair Debt Collection Practices Act, unjust enrichment, slander of title, mortgage or title fraud, false pretense, civil conspiracy, mail fraud, breach of contract, or any claim asserted in Lamell's supplemental petition, supplement to the supplemental petition, or second supplement to the supplemental petition. We therefore reverse the trial court's judgment with respect to these claims and remand the claims to the trial court. The

19

trial court did not err in granting summary judgment with respect to the remainder of Lamell's claims. Accordingly, we affirm the remainder of the trial court's judgment.


/s/     Kem Thompson Frost
         Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.