**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00086-CV**
_____

**JENNIFER OSAGIEDE, AS A REPRESENTATIVE OF THE ESTATE OF SULE OSAGIEDE, Appellant**

**V.**

**LAZARO AGUILAR, Appellee**

**On Appeal from the 136th District Court**
**Jefferson County, Texas**
**Trial Cause No. D-191,687**

**MEMORANDUM OPINION**

Appellant Jennifer Osagiede, as a representative of the estate of Sule Osagiede, appeals the trial court's judgment in favor of appellee Lazaro Aguilar following a jury trial. In her sole issue on appeal, Osagiede argues that the trial court abused its discretion by admitting into evidence a written statement by Aguilar that was not properly notarized. For the reasons set forth below, we affirm the judgment of the trial court.

1

## I.    Background

On the morning of January 21, 2010, Sule Osagiede ("Sule"), a student at Tulane University, was driving west on Interstate 10 ("I-10") from New Orleans to Houston. At approximately 5:30 a.m., Lazaro Aguilar entered I-10 via the entrance ramp at Martin Luther King, Jr. Parkway in Beaumont and began traveling west on I-10 ahead of Sule's vehicle. Shortly after Aguilar's vehicle entered the highway, Sule's vehicle, which was traveling at a higher rate of speed than Aguilar's vehicle, approached Aguilar's vehicle from behind. For reasons disputed by the parties, Aguilar's vehicle swerved to the right, struck the concrete barrier on the right side of the interstate, and rolled over, landing upside down. Sule's vehicle swerved to the left, struck the concrete barrier on the left side of the interstate, and rolled, landing on its side. No collision occurred between the two vehicles. Sule was ejected from his vehicle during the accident and died at the scene.

In January 2012, Sule's mother, Jennifer Osagiede, filed a wrongful death and survival action against Aguilar, asserting claims for negligence and gross negligence. In September 2014, the trial court granted partial summary judgment in favor of Aguilar on Osagiede's claims for exemplary damages and damages under the survival statute. In December 2014, Osagiede's claim under the wrongful death statute was tried to a jury. At the conclusion of the five-day trial, the jury returned a

2

verdict in favor of Aguilar. On December 30, 2014, the trial court entered a take nothing final judgment in favor of Aguilar and against Osagiede. Osagiede's counsel filed a motion for new trial on January 28, 2015. Thereafter, Osagiede's counsel withdrew from representation of Osagiede, and on March 2, 2015, Osagiede, proceeding pro se, filed an amended motion for new trial. Osagiede's motions for new trial were overruled by operation of law on March 16, 2015. *See* Tex. R. Civ. P. 4, 329b(c). This appeal followed.

## II. Admission of Aguilar's Written Statement

In one issue, Osagiede contends that the trial court abused its discretion by admitting into evidence a written statement that Aguilar made to the police on the day after the accident. The record reflects that Beaumont Police Officer Melvin Devaugh obtained the written statement at issue from Aguilar on January 22, 2010. The statement purports to contain Aguilar's recollection of events as they occurred before, during, and after the accident. The statement is signed by Aguilar and notarized by Officer Devaugh. However, the notary seal affixed to the statement indicates that Officer Devaugh's commission as a notary public expired on May 5, 2009—over eight months before Aguilar's statement was signed and notarized.

In her brief, Osagiede argues that the trial court erred by admitting the written statement into evidence at trial because the statement was notarized by a notary

3

public whose commission had expired. Specifically, Osagiede contends that Officer Devaugh's act of notarizing the statement after the expiration of his commission constituted "a [breach] of faith as a public servant" and that the trial court's decision to "allow[] [the statement] into evidence [was] an unlawful act." The record, however, reflects that Osagiede was the one who first offered the written statement into evidence. At the beginning of Osagiede's case-in-chief, Osagiede's counsel sought to pre-admit several exhibits, including Plaintiff's Exhibit 1, into evidence at trial. Plaintiff's Exhibit 1 consisted of records obtained from the Beaumont Police Department, including a copy of Aguilar's written statement. After identifying the exhibits to be pre-admitted, Osagiede's counsel specifically requested that the trial court admit the exhibits into evidence. Aguilar made no objection to the admission of Plaintiff's Exhibit 1, and the trial court admitted the exhibit into evidence as requested by Osagiede's counsel. Thereafter, Osagiede's counsel called Aguilar as its first witness and used Aguilar's written statement in an effort to impeach his credibility. Before questioning Aguilar about purported inconsistencies between the written statement and other statements he made about the accident before trial, Osagiede's counsel specifically questioned Aguilar in detail about the fact that Officer Devaugh's notary commission was expired at the time Aguilar signed the written statement.

4

Now, on appeal, Osagiede argues that the trial court should not have admitted Aguilar's written statement into evidence. However, under the doctrine of invited error, a party cannot request a specific action in the trial court and then complain on appeal that the trial court committed error in granting that request. *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 862 (Tex. 2005); *Lamell v. OneWest Bank, FSB*, 485 S.W.3d 53, 64 (Tex. App.—Houston [14th Dist.] 2015, pet. denied). This rule, "grounded in even justice and dictated by common sense," is based on estoppel. *Ne. Tex. Motor Lines, Inc. v. Hodges*, 158 S.W.2d 487, 488 (Tex. 1942); *Neasbitt v. Warren*, 22 S.W.3d 107, 112 (Tex. App.—Fort Worth 2000, no pet.). Applying the invited-error doctrine to the facts before us, we conclude that Osagiede is estopped from arguing on appeal that the trial court erred in making the very ruling that she requested at trial.[1] *See Tittizer*, 171 S.W.3d at 862; *see also Rivera v. 786 Transp., LLC*, No. 01-14-00430-CV, 2015 WL 3981708, *6 (Tex. App.—Houston [1st Dist.] June 30, 2015, no pet.) (mem. op.) ("A party may not complain on appeal that evidence was improperly admitted when that party elicited the evidence."); *In re*

---

[1] To the extent Osagiede contends that the invited-error doctrine does not apply because Osagiede's attorney, rather than Osagiede herself, offered the written statement into evidence at trial, we cannot agree. It is well-settled that the attorney-client relationship is an agency relationship and that an attorney's acts and omissions within the scope of his or her employment are regarded as the client's acts. *Gavenda v. Strata Energy, Inc.*, 705 S.W.2d 690, 693 (Tex. 1986).

5

*M.E.C.*, 66 S.W.3d 449, 455–56 (Tex. App.—Waco 2001, no pet.) (concluding that because the appellant offered copies of certain temporary orders into evidence at trial, he could not complain on appeal that their admission was error). We overrule Osagiede's sole issue and affirm the judgment of the trial court.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on May 3, 2016
Opinion Delivered February 16, 2017

Before McKeithen, C.J., Kreger and Johnson, JJ.