Martha Jane HENRY et al., Appellants,

v.

MR. M CONVENIENCE STORES,
INC., et al., Appellees.

No. 1398.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 6, 1976.

Rehearing Denied Nov. 3, 1976.

Eugene J. Pitman, DeLange, Hudspeth, Pitman & Katz, Houston, for appellants.

Will Sears, C. Charles Dippel, Sears & Burns, Houston, Cox, Smith, Smith, Hale & Guenther, San Antonio, for appellees.

CURTISS BROWN, Chief Justice.

This appeal involves a case in which Mr. M Convenience Stores, Inc. (Mr. M) and H. Fred Staacke, Sr. (appellees) instituted suit against George A. Laigle, Trustee (Laigle) and others (appellants) for specific performance of a contract for the sale of real property and to remove clouds on the title to the property. Actual and exemplary damages were also sought for alleged tortious interference with the contract. The trial court severed the claim for damages for tortious interference with the contract and entered summary judgment decreeing specific performance and cancelling certain instruments as clouds on title. Appellants have perfected this appeal from the summary judgment.

The summary judgment evidence conclusively established that on March 18, 1975 appellee Mr. M entered into an earnest money contract with appellant Martha Jane Henry (Mrs. Henry) for the sale of the subject property located in a fashionable section of Houston. Mrs. Henry was aware that the land was to be used for the construction of a Mr. M convenience store and a small office building to house Mr. M's Houston-based operation. On June 12, 1975 Mr. M assigned its interest under the contract to H. Fred Staacke, Sr. (Staacke) who was the majority stockholder in Mr. M.

Appellants Laigle and M. D. Eisemann (Eisemann) were residential property owners in the neighborhood which immediately surrounded the property. The summary judgment evidence established that Laigle was disturbed at the possibility of a commercial enterprise being established in the neighborhood. He projected that construction of the "Mr. M operations" would reduce the resale value of surrounding residences by "5 or 10%." In a letter directed to the various property owners in the neighborhood, dated June 11, 1975, Laigle and another property owner in the neighborhood emphasized "that the importance to all of us in stopping Mr. 'M' cannot be overestimated." In the same letter Laigle further stated: "We are continuing to explore every way of pressuring Mr. 'M' to give up on this project, but at this point we have received no concrete indication that they will."

On June 13, 1975, three days before the scheduled June 16th closing, Mrs. Henry conveyed the property by way of a general warranty deed to Laigle, as trustee for thirteen named individuals. Laigle thereafter executed a Deed of Trust and Security Agreement in favor of Fannin Bank (the

Bank) in the amount of $100,000.00. Simultaneously with the attempt to fix a lien in favor of the Bank, Laigle executed a second deed of trust, this one in favor of Mrs. Henry, in the amount of $74,528.00 to secure his promissory note to her for the remainder of the purchase price. Thereafter Laigle and Eisemann jointly executed and filed of record instruments placing certain restrictions on the property. The purpose of the restrictions was to limit the use of the property to residential purposes only, in direct contravention of the commercial intentions of appellees. These instruments constituted the "cloud" appellees sought to remove.

By way of their first point of error appellants complain that appellees' "causes of action" were in fact a single cause of action and, as such, not properly severable. We disagree. The question of the propriety of a "severance" is subject to appellate judicial scrutiny. As provided in Tex.R.Civ.P. 41: "Any claim against a party may be severed and proceeded with separately." For severance to be proper, however, the suit must involve two or more separate and distinct causes of action, and the severed cause of action must be such that it could be properly tried and determined as if it were the only claim in controversy. *Kansas University Endowment Ass'n v. King,* 162 Tex. 599, 350 S.W.2d 11, 19 (1961). *See Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76, 78 (1959); *Rose v. Baker,* 143 Tex. 202, 183 S.W.2d 438, 441 (1944). The severed cause of action here sounds in *tort* rather than in contract. Exemplary damages ordinarily are not recoverable for breach of contract alone. The damages sought are significantly less than the purchase price of the property. It is clear that the legal damages sought by appellees in their "third cause of action" are separate and distinct from the equitable relief sought by way of their first two causes of action. For these reasons we hold that the trial court did not abuse its discretion in ordering the severance.

Appellants' second and third points of error essentially complain that there was a material question of fact as to the sufficiency of appellees' tender of performance in compliance with the requirements of the earnest money contract. The record conclusively shows that the appellees appeared at the scheduled closing and were ready, willing and able to consummate the agreement. Their failure to actually tender the purchase price was based on numerous "new circumstances," paramount of which were the "restrictions" placed on the property limiting its use solely to residential purposes. In *Burford v. Pounders,* 145 Tex. 460, 199 S.W.2d 141, 145 (1947), the court stated that

'whatever difference of opinion may exist as to the *original necessity of a tender of the consideration before suit,* * * * it appears to be quite well settled that a formal tender is excused where a tender would be a useless and idle ceremony'; and that a 'tender is also excused where defendant repudiates the contract'; and further that 'tender in pleadings (is) sufficient' where plaintiff sets forth that he is ready, able and willing 'or * * * pays the consideration into court.'

*See McMillan v. Smith,* 363 S.W.2d 437, 442–43 (Tex.Sup.1962). Appellants effectively repudiated the contract between Mrs. Henry and Mr. M by conveyance of her legal title, by placing the restriction on the property and by other conduct established by the summary judgment evidence. This conduct excused Mr. M from formally tendering performance at the closing. Further, appellees have pleaded that they are ready, willing and able to perform every obligation required of them by the contract. This is sufficient to allow appellees to obtain specific performance. Appellants' second and third points are overruled.

Appellants' fourth and fifth points of error complain that it was improper for the trial court to grant a partial summary judgment in light of Tex.Rev.Civ.Stat.Ann. art. 974a (Supp.1975). The statute contemplates approval by a city or its planning commission of any plans or plats of land to be developed within the city. Appellants contend that any attempt to use the subject

property for purposes other than the construction of town homes would require the approval of the City Planning Commission of the City of Houston and joinder of said body in the present cause of action. While we are mindful of the legislative intention of promoting the health, safety, morals or general welfare of the community, we cannot agree with appellants' interpretation and application of article 974a to the facts of the instant case. This is a suit for specific performance and to remove clouds. An administrative procedure relating to Planning Commission approval (or to building permits) does not present a situation where the failure to join the Commission is error. If the City of Houston has the right to approve or disapprove the ultimate objectives of appellees, such right is not affected by the judgment of the trial court in this case. Appellants' fourth and fifth points are overruled.

Appellants' points of error six through 10 challenge the standing of appellees to seek removal of the cloud of the deed from Henry to Laigle, the deed of trust from Laigle to Fannin Bank, or the instruments between Laigle and Eisemann placing the restrictions on the property because appellees were not parties to these instruments. We overrule these points. The earnest money contract between Mrs. Henry and appellees expressly provided that the purchaser, Mr. M, had "the right to approve any easements, pipeline rights-of-way, covenants, mineral leases, building lines, encroachments and any dedications affecting the subject property." The summary judgment evidence conclusively establishes that appellees were denied their contractual rights to approve the general warranty deed from Henry to Laigle and, indeed, were not given notice of its execution. The depositions and affidavits on file in this case conclusively show that Laigle, Eisemann, and Fannin Bank all had notice of the earnest money contract. By the imposition of the building restrictions on the property, Laigle attempted to establish title to the subject property different than that title possessed by his vendor, Henry. It is well settled in Texas that a vendee of land with full knowledge of a purchaser's rights under a contract for the sale of the land is in the same position as the vendor in a suit by the purchaser for specific performance. *Langley v. Norris,* 141 Tex. 405, 173 S.W.2d 454, 457 (1943). Laigle, therefore, was in the same seller's posture as Mrs. Henry and did not have the right to restrict the use of the property. Texas courts have repeatedly held that a holder of an equitable interest in land has standing to sue to remove clouds on title. *Neely v. Neely,* 52 S.W.2d 927, 930 (Tex.Civ.App.-Fort Worth 1932, no writ); *See Texan Development Co. v. Hodges,* 237 S.W.2d 436, 439 (Tex.Civ.App.-Amarillo 1951, no writ). Appellants' points six through 10 are overruled.

Appellants' points 11 and 12 challenge the action of the trial court in removing the deed of trust to the Bank as a cloud upon appellees' equitable interest in the property. The judgment of the trial court provided that the instruments removed as clouds upon appellees' equitable title to the subject property were conditioned upon payment of the full contract price into the registry of the court. The summary judgment evidence conclusively establishes that the Fannin Bank had notice of appellees' contract of sale and that the Bank was not a bona fide lender for value. The judgment cancels the deed of trust but does not extinguish the obligations owed the Bank by Laigle. The judgment of the trial court does not undertake to adjudicate issues or obligations between appellants. Since the Bank had full knowledge of the pre-existing contract for sale, the court did not err in removing the subsequent deed of trust as a cloud upon appellees' equitable title. *See Campbell v. City of Dallas,* 120 S.W.2d 1095, 1097 (Tex.Civ.App.-Waco 1938, writ ref'd).

There being no merit in any of appellants' points, the judgment of the trial court will stand affirmed.

Affirmed.