**Affirmed and Opinion filed August 7, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-01117-CV

---

**MORLOCK, L.L.C., Appellant**

**V.**

**NATIONSTAR MORTGAGE, L.L.C., Appellee**

---

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2012-13507**

---

## O P I N I O N

In appealing the trial court's summary judgment in favor of the appellee/defendant, the appellant/plaintiff-landowner asserts that it has standing to challenge whether the defendant is the owner and holder of the promissory note and deed of trust. The landowner also asserts that the trial court erred in granting summary judgment as to its suit to remove an alleged cloud on its title because (1) the summary-judgment evidence does not prove that the defendant is the owner

and holder of the promissory note; and (2) the summary-judgment evidence does not prove that the defendant is the owner, holder, or assignee of the deed of trust. We conclude that the landowner has standing to challenge whether the defendant is the owner and holder of the promissory note and deed of trust and that the landowner's appellate arguments on the merits do not show that the trial court erred in granting summary judgment. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In March 2005, Arthur G. Arrant Jr. purchased the real property located at 7937 Telluride Drive in Houston ("Property"). At that time Arrant executed a promissory note ("Note") payable to the order of First Coastal Mortgage, L.L.C. d/b/a First Coastal Mortgage ("First Coastal"). Arrant also executed a deed of trust securing the payment of the debt evidenced by the Note ("Deed of Trust"). The Deed of Trust provides that Mortgage Electronic Registration Systems, Inc. ("MERS") is the beneficiary of that instrument solely as nominee for First Coastal and First Coastal's successors and assigns.

Arrant defaulted under the Note and the Deed of Trust, and he also failed to pay assessments to the homeowners' association as required under a declaration of covenants, conditions, and restrictions applicable to the Property. In December 2011, appellant/plaintiff Morlock, L.L.C. obtained title to the Property under a Trustee's Deed as a result of a sale in which the homeowners' association foreclosed its lien in the Property. Morlock was the highest bidder at the foreclosure sale and paid $3,500 to purchase the Property, subject to all liens or other matters of record.

In March 2012, MERS, as nominee for First Coastal and its successors and assigns, signed an instrument in which it purported to assign the Deed of Trust to

2

appellee/defendant Nationstar Mortgage, L.L.C. Morlock filed suit against Nationstar seeking to remove an alleged cloud on its title, asserting that the Deed of Trust is invalid and of no force and effect, and seeking a judgment striking and canceling the Deed of Trust. Liberally construing Morlock's live pleading, we conclude that Morlock alleged the Deed of Trust is invalid and of no force or effect because (1) MERS was not the holder of the Note; (2) the purported assignment of the Deed of Trust to Nationstar is invalid and therefore Nationstar has no right to enforce the Deed of Trust; and (3) Nationstar is not the owner and holder of the Note and therefore Nationstar has no right to enforce the Deed of Trust. Nationstar filed a traditional motion for summary judgment in which it asserted summary-judgment grounds on the merits as to the foregoing three propositions. Nationstar also argued that Morlock lacks standing to challenge whether the defendant is the owner and holder of the Note and Deed of Trust. The trial court granted Nationstar's summary-judgment motion and dismissed Morlock's lawsuit with prejudice.

## II.   STANDARD OF REVIEW

In a traditional summary-judgment motion, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In reviewing a no-evidence summary judgment, we ascertain whether the nonmovant pointed out summary-judgment evidence raising a genuine issue of fact as to the essential elements attacked in the no-evidence motion. *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 206–08 (Tex. 2002). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovant, crediting

evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

### III. ISSUES AND ANALYSIS

In its first appellate issue, Morlock asserts that the trial court erred in granting summary judgment because the evidence did not establish that Nationstar is the owner and holder of the Note. In its second issue, Morlock asserts that the trial court erred in granting summary judgment because Morlock has standing to challenge the validity of the purported deed-of-trust lien on the Property and whether Nationstar is the owner and holder of the Note and Deed of Trust. In its third issue, Morlock asserts the trial court erred in granting summary judgment because Morlock stated a claim to remove a cloud on its title. In support of its assertion that the trial court erred in granting summary judgment as to Morlock's suit to remove a cloud on its title, Morlock argues that (1) the summary-judgment evidence fails to establish that Nationstar is the owner and holder of the Note; (2) the two assignment instruments in the summary-judgment evidence do not properly transfer the Deed of Trust to Nationstar because First Coastal did not sign either instrument; (3) these two assignment documents do not effect a transfer of the Note to Nationstar; (4) these two instruments are insufficient evidence of an assignment of the Deed of Trust to Nationstar; and (5) MERS had no authority to assign the Deed of Trust.

4

**A.  Does the landowner have standing to challenge whether the defendant is the owner and holder of the promissory note and deed of trust?**

One of Nationstar's summary-judgment grounds was that Morlock lacks standing to challenge whether the defendant is the owner and holder of the Note and Deed of Trust.  We presume, without deciding, that standing may be a proper basis for a summary judgment even though it implicates the trial court's subject-matter jurisdiction.  Nationstar argues that Morlock lacks standing to challenge whether Nationstar is the owner and holder of the Note or the assignment of the Deed of Trust to Nationstar because, according to Nationstar, a person who is not a party or third-party beneficiary of an assignment lacks standing to contest the validity of the assignment.

It is undisputed that Morlock owns the Property.  Morlock asserted a suit against Nationstar seeking to remove a cloud on its title, asserting that the Deed of Trust is invalid and of no force and effect, and seeking a judgment striking and canceling the Deed of Trust.  The Deed of Trust, if valid, creates a lien in the Property.  Liberally construing Morlock's live pleading, Morlock alleged that the Deed of Trust is invalid and of no force or effect because (1) the purported assignment of the Deed of Trust to Nationstar is invalid and therefore Nationstar has no right to enforce the Deed of Trust; and (2) Nationstar is not the owner and holder of the Note and therefore Nationstar has no right to enforce the Deed of Trust.

The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a "justiciable interest" in its outcome.  *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005).  A plaintiff has standing when it is personally aggrieved.  *Id*.  The standing doctrine requires that there be a real controversy between the parties that actually will be determined by

the judicial declaration sought. *Id*. at 849. Regardless of whether Morlock's arguments regarding the Note and Deed of Trust have merit, Morlock advances these arguments in support of its suit seeking to remove the Deed of Trust as an allegedly invalid instrument that purportedly is a cloud on Morlock's title to the Property. We conclude that Morlock has standing to bring this suit and to advance these arguments.[1] *See Goswami v. Metropolitan Savings and Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988) (holding that a third party to a foreclosure sale has standing to contest the validity of a foreclosure sale under a deed of trust if the third party has a property interest affected by the sale); *American Savings and Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 584–86 (Tex. 1975) (holding that a third party whose property interest was affected had standing to challenge the validity of a foreclosure sale under a deed of trust and the validity of a trustee's deed following the foreclosure sale); *Henry v. Mr. M Convenience Stores, Inc.*, 543 S.W.2d 393, 396 (Tex. Civ. App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.) (holding that holders of an equitable interest in real property had standing to challenge deed of trust to which they were not a party in suit to remove cloud on title caused by the deed of trust); *Florey v. Estate of McConnell*, 212 S.W.3d 439, 443–44 (Tex. App.—Austin 2006, pet. denied) (holding that joint owner of real property had standing to assert invalidity of deed of trust to which it was not a party in suit to remove cloud on title caused by the deed of trust). Therefore, the trial court erred to the extent it granted summary judgment on the ground that Morlock lacks standing to challenge whether the defendant is the owner and holder of the Note or Deed of Trust. *See Goswami*, 751 S.W.2d at 489; *Musick*, 531

---

[1] Nationstar asserts that a person who is not a party to or a third-party beneficiary of a contract may not enforce that contract. But, Morlock does not seek to enforce the Deed of Trust. Morlock asserts that the Deed of Trust is invalid and should be stricken. Nationstar also cites to opinions by various federal courts. These opinions are not binding on this court, and we do not find them persuasive in the context presented in the case under review.

S.W.2 d at 584–86; *Henry*, 543 S.W.2d at 396; *Florey*, 212 S.W.3d at 443–44.

**B.    Does the summary-judgment evidence conclusively prove that the deed of trust has been validly assigned to the defendant?**

The summary-judgment evidence contains a copy of the Note and the Deed of Trust and proves that the Deed of Trust was filed in the Harris County Real Property records before the homeowners' association filed its Notice of Unpaid Assessment.  The Deed of Trust provides that MERS is the beneficiary of the Deed of Trust solely as a nominee for First Coastal and First Coastal's successors and assigns.  The summary-judgment evidence also contains an Assignment of Deed of Trust, executed by a Vice President of MERS in March 2012, in which MERS, as nominee for First Coastal and First Coastal's successors and assigns, transferred and assigned the Deed of Trust to Nationstar.[2]

Morlock complains that the assignment is not signed by First Coastal.  But, under the Deed of Trust, MERS is a nominee for First Coastal and First Coastal's successors and assigns.  Thus, an assignment of the Deed of Trust is not invalid because the assignment instrument is signed by MERS as nominee for First Coastal and First Coastal's successors and assigns, rather than by First Coastal. *See Hornbuckle v. Countrywide Home Loans, Inc.*, No. 02-09-00330-CV, 2011 WL 1901975, at *4 (Tex. App.—Fort Worth May 19, 2011, no pet.) (mem. op.).

Morlock also asserts that MERS had no authority to assign the Deed of Trust to Nationstar.  Morlock argues that designating MERS as a "nominee" of First Coastal and First Coastal's successors and assigns does not allow MERS to assign

---

[2] The summary-judgment evidence also contains another assignment instrument that is substantially similar but that describes the Deed of Trust as a "mortgage" rather than a "deed of trust."

the Deed of Trust to Nationstar. Morlock also suggests that there is something suspect or problematic about an assignment by MERS.

MERS operates an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans. *See id*. This system is designed to track transfers and avoid recording and other transfer fees that are otherwise associated with the sale. *See id*. MERS falls within the definition of a "book entry system" under Texas Property Code section 51.0001(1). *See* Tex. Prop. Code Ann. § 51.0001(1) (West 2014). The Deed of Trust provides that MERS is the beneficiary of the Deed of Trust solely as a nominee for First Coastal and First Coastal's successors and assigns. In addition the Deed of Trust provides as follows:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender, including, but not limited to, releasing and canceling this Security Interest.

Under the unambiguous language of the Deed of Trust, MERS had the authority to assign the Deed of Trust to Nationstar on behalf of First Coastal and First Coastal's successors and assigns, and the summary-judgment evidence conclusively proves that MERS did so. *See Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-12-00583-CV, 2014 WL 712520, at *4 (Tex. App.—Austin Feb. 20, 2014, no pet. h.) (mem. op.); *Farkas v. Mortgage Electronic Registration Systems, Inc.*, No. 11-12-00024-CV, 2014 WL 97293, at *3 (Tex. App.—Eastland Jan. 9, 2014, pet. denied) (mem. op.); *Hornbuckle*, 2011 WL 1901975, at *4. The trial court did not err in granting summary judgment as to Morlock's claim that the

Deed of Trust is invalid and of no force or effect because the purported assignment of the Deed of Trust to Nationstar is invalid and therefore Nationstar has no right to enforce the Deed of Trust.[3] *See Bierwirth*, 2014 WL 712520, at *4; *Farkas*, 2014 WL 97293, at *3; *Hornbuckle*, 2011 WL 1901975, at *4.

### C. Must the defendant be the owner and holder of the promissory note to have a right to enforce the Deed of Trust?

Morlock asserts that there is no evidence that Nationstar is the owner and holder of the Note and therefore Nationstar has no right to enforce the Deed of Trust. Morlock asserts that the assignment documents regarding the Deed of Trust do not effect a transfer of the Note to Nationstar. Morlock argues that there is no evidence that Nationstar is the owner or holder of the Note and suggests that Nationstar may not enforce the Deed of Trust unless Nationstar is owner and holder of the Note.

Morlock's allegation that Nationstar is not the owner or holder of the Note is irrelevant with respect to Nationstar's right to enforce the Deed of Trust through non-judicial foreclosure under Texas law. Non-judicial foreclosure sales of real property under contract liens are governed by Chapter 51 of the Texas Property Code. *See* Tex. Prop. Code Ann. § 51.0001, *et seq.* Under section 51.0025, a "mortgagee" or a "mortgage servicer" may conduct foreclosure proceedings. *See* Tex. Prop. Code Ann. § 51.0025 (West 2014). The "mortgagee" is defined as "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system; or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id*. § 51.0001(4). No

---

[3] Nationstar did not assert in its summary-judgment motion that, even if the assignment to Nationstar were invalid, this invalidity would not make the Deed of Trust invalid. Therefore, this argument is not before us. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993).

provision in Chapter 51 of the Texas Property Code requires a foreclosing party to prove its status as "holder" or "owner" of the Note or the original of the Note prior to foreclosure. Nationstar may enforce the Deed of Trust even if it is not the owner and holder of the Note or of the original of the Note. *See Bierwirth*, 2014 WL 712520, at *3–4; *Farkas*, 2014 WL 97293, at *3; *Hornbuckle*, 2011 WL 1901975, at *3. Based upon the assignment of the Deed of Trust from MERS, Nationstar is entitled to enforce the Deed of Trust, and because Nationstar is a mortgagee as defined in Texas Property Code section 51.0001(4), Nationstar may conduct foreclosure proceedings under the Deed of Trust. *See* Tex. Prop. Code Ann. § 51.0001(4), § 51.0025. The trial court did not err in granting summary judgment as to Morlock's claim that the Deed of Trust is invalid and of no force or effect because Nationstar is not the owner and holder of the Note and therefore Nationstar has no right to enforce the Deed of Trust.[4] *See Bierwirth*, 2014 WL 712520, at *3–4; *Farkas*, 2014 WL 97293, at *3; *Hornbuckle*, 2011 WL 1901975, at *3.

## IV. CONCLUSION

Morlock has standing to challenge whether the defendant is the owner and holder of the Note and Deed of Trust as part of its suit to remove an alleged cloud on its title, and the trial court erred to the extent it granted summary judgment on the ground that Morlock lacks standing. Liberally construing Morlock's live pleading, we conclude that Morlock alleged the Deed of Trust is invalid and of no force or effect because (1) MERS was not the holder of the Note; (2) the purported assignment of the Deed of Trust to Nationstar is invalid and therefore Nationstar

---

[4] Nationstar did not assert in its summary-judgment motion that, even if Nationstar has no right to enforce the Deed of Trust, this inability of one party to enforce the Deed of Trust would not make that instrument invalid. Therefore, this argument is not before us. *See Stiles*, 867 S.W.2d at 26.

has no right to enforce the Deed of Trust; and (3) Nationstar is not the owner and holder of the Note and therefore Nationstar has no right to enforce the Deed of Trust. Morlock has not shown that the trial court erred in granted summary judgment and dismissing Morlock's suit to remove an alleged cloud on its title.[5] Accordingly, the trial court's judgment is affirmed.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise.

---

[5] Liberally construing Morlock's live pleading, we conclude Morlock alleged that the Deed of Trust is invalid and of no force or effect because MERS was not the holder of the Note. Nationstar asserted a summary-judgment ground against this part of Morlock's claim, but Morlock has not challenged this ground on appeal. Even if Morlock had challenged this ground, we would conclude that the trial court did not err in granting summary judgment in this regard.