**AFFIRMED; Opinion Filed April 8, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01491-CV

### CHARLES A. FARRIS, JESSIE FARRIS, AND ALL OTHER OCCUPANTS OF 2325 AVENUE C, GRAND PRAIRIE, TEXAS 75051, Appellants
### V.
### NATIONSTAR MORTGAGE LLC F/K/A CENTEX HOME EQUITY COMPANY LLC, Appellee

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-01834**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Osborne
Opinion by Justice Myers

Appellants Charles A. Farris, Jessie Farris, and all other occupants of 2325 Avenue C, Grand Prairie, Texas 75051, appeal from a summary judgment granted in favor of appellee Nationstar Mortgage, LLC, f/k/a Centex Home Equity Company, LLC. In one issue, appellants contend Nationstar did not sufficiently establish it was the real party in interest such that the trial court had subject matter jurisdiction. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

On September 24, 2004, Charles A. Farris executed a Texas home equity note in favor of Centex Home Equity Company, LLC, for $35,000. The note required Charles A. Farris to make monthly payments in the amount of $481.14 on the first of each month beginning November 1, 2004. Charles A. Farris and Jessie Farris concurrently executed a Texas home equity security

instrument that secured payment of the note by encumbering the subject property, which was located at 2325 Avenue C, Grand Prairie, Texas 75051.

Charles A. Farris defaulted on the note. On June 3, 2013, appellee Nationstar Mortgage, LLC, f/k/a Centex Home Equity Company, LLC ("Nationstar"), filed an application for an expedited order allowing foreclosure on the property under Texas Rule of Civil Procedure 736. *See* TEX. R. CIV. P. 735.1(a) ("Rule 736 provides the procedure for obtaining a court order, when required, to allow foreclosure of a lien containing a power of sale in the security instrument, declaratory instrument, or declaration creating the lien, including a lien securing. . . a home equity loan, reverse mortgage, or home equity line of credit. . . ."). The application alleged that the note was then 78 months past due. The 95th Judicial District Court of Dallas County, Texas, granted the application, allowing Nationstar to proceed with foreclosure. The property was sold at a foreclosure sale on February 7, 2017, to The Bank of New York Mellon f/k/a The Bank of New York, as successor in interest to JP Morgan Chase Bank, N.A., as trustee for Centex Home Equity Loan Trust 2005-A.

On February 13, 2017, appellants Charles A. Farris, Jessie Farris, and all other occupants of 2325 Avenue C, Grand Prairie, Texas 75051 ("Farris") filed suit against Nationstar seeking a declaratory judgment that Nationstar did not establish it had the authority to foreclose. Farris also sought a temporary injunction. Nationstar filed a traditional motion for summary judgment, to which Farris responded, and a hearing on Nationstar's summary judgment motion was held on October 5, 2017. That same day, the trial court signed an order granting Nationstar's motion for summary judgment. Farris filed a motion for new trial, which the trial court denied in a written order. This appeal followed.

## DISCUSSION

In his only issue, Farris argues that Nationstar, as the plaintiff in a Texas Rule of Civil

Procedure 736 home equity loan foreclosure action, did not sufficiently establish it was the real party in interest such that "it could have established the trial court's subject-matter jurisdiction in the ancillary rule 736 action." In effect, Farris is arguing Nationstar did not have standing to seek foreclosure when it filed the application for an expedited order under rule 736, and that it could not foreclose because it was not the owner or holder of the note. As a result, according to Farris, the court lacked subject matter jurisdiction.

We review the grant of summary judgment de novo. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Spicer v. Tex. Workforce Comm'n*, 430 S.W.3d 526, 532 (Tex. App.—Dallas 2014, no pet.). A movant for traditional summary judgment has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *Spicer*, 430 S.W.3d at 532; *McCoy v. Texas Instruments, Inc.*, 183 S.W.3d 548, 553 (Tex. App.— Dallas 2006, no pet.). When reviewing a summary judgment, we consider the evidence in the light most favorable to the nonmovant. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *Spicer*, 430 S.W.3d at 532.

A party must have both standing to sue and capacity to sue. *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). "The issue of standing focuses on whether a party has a sufficient relationship with the lawsuit so as to have a 'justiciable interest' in its outcome, whereas the issue of capacity 'is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate.'" *Id.* at 848 (quoting 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1559, at 441 (2d ed. 1990)). "Standing is a prerequisite to subject-matter jurisdiction and is essential to a court's power to decide a case." *Drilltec Technologies, Inc. v. Edwards*, 64 S.W.3d 212, 214 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

Farris does not offer an argument, nor does he identify any evidence, showing how or why Nationstar lacked standing to foreclose. In fact, Texas law does not require the person or entity seeking foreclosure to be the owner or holder of the note. *See Morlock L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 518 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (noting that the Fifth Circuit had "correctly recognized that the 'weight of Texas authority' supports the proposition that the party owning the deed of trust need not also show that it is the owner or holder of the note in order to foreclose."); *Morlock L.L.C. v. Nationstar Morg. L.L.C.*, 447 S.W.3d 42, 47 (Tex. App.— Houston [14th Dist.] 2014, pet. denied) ("Morlock's allegation that Nationstar is not the owner or holder of the Note is irrelevant with respect to Nationstar's right to enforce the Deed of Trust through non-judicial foreclosure under Texas law."); *Farkas v. Aurora Loan Services, LLC*, No. 05–12–01095–CV, 2013 WL 6198344, at *4 (Tex. App.—Dallas Nov. 26, 2013, pet. denied) ("A party asserting an interest under the deed of trust is not required to possess the corresponding note as a prerequisite to foreclose."); *Lowery v. Bank of Am., N.A.*, No. 04–12–729–CV, 2013 WL 5762227, at *2 (Tex. App.—San Antonio Oct. 23, 2013, no pet.) ("A promissory note and the deed of trust that secures the note constitute two separate and severable obligations of the debtor-mortgagor, each with its own distinct remedy for the breach of those obligations.").

The evidence in the summary judgment record shows that Nationstar, as the mortgage servicer, had the authority to enforce the power of sale conferred by the deed of trust. In the original foreclosure matter, Nationstar moved to foreclose in its role as the mortgage servicer of the subject home equity loan. The application stated in part: "Nationstar Mortgage, LLC is acting as the Mortgage Servicer for JP Morgan Chase, Trustee 2005-A, the Mortgagee of the Note and Security Instrument identified below. Nationstar Mortgage, LLC is authorized to represent the Mortgagee by virtue of a servicing agreement with the Mortgagee." In an affidavit attached to the application, a Nationstar employee affirmed that Nationstar was acting in its role as the servicing

–4–

agent for the mortgagee. The affidavit also affirmed that, at the time the application was filed, (1) the note was 78 months past due; (2) the amount required to cure the default was $80,404.22; and (3) the amount required to pay off the lien was $86,691.95. But Farris nonetheless argues that "[t]he evidence at trial does not reveal any connection between Nationstar and Charles and Jessie Farris such that Nationstar could establish it has the authority to enforce the terms of the deed of trust," an argument that overlooks both the evidence in the record and the applicable law.

The Texas Property Code allows mortgagees and mortgage servicers to conduct a nonjudicial foreclosure sale "under a power of sale conferred by a deed of trust or other contract lien." *See* TEX. PROP. CODE ANN. § 51.002. The property code defines mortgagee as "the grantee, beneficiary, owner, or holder of a security instrument," and "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id*. § 51.0001(4)(A), (C). It defines "mortgage servicer" as "the last person to whom a mortgagor has been instructed by the current mortgagee to send payments for the debt secured by a security instrument." *Id*. § 51.0001(3). "A mortgagee may be the mortgage servicer." *Id*. Section 51.0025 provides that a mortgage servicer may administer the foreclosure of property under section 51.002 on behalf of a mortgagee if the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage, and if:

> the notices required under Section 51.002(b) disclose that the mortgage servicer is representing the mortgagee under a servicing agreement with the mortgagee and the name of the mortgagee and:
>
> (A) the address of the mortgagee; or
>
> (B) the address of the mortgage servicer, if there is an agreement granting a mortgage servicer the authority to service the mortgage.

*Id*. § 51.0025(1), (2).

The disclosures contained in the February 15, 2007 notice of default addressed to Charles Farris, which was attached to Nationstar's rule 736 application, satisfy the statutory requirements.

The notice of default (1) stated Nationstar was "acting as the Mortgage Servicer for JP Morgan Chase, Trustee 2005-a, who is the Mortgagee of the Note and Deed of Trust associated with your real estate loan;" (2) provided the address of the mortgagee ("Nationstar Mortgage LLC, as Mortgage Servicer, is representing the Mortgagee, whose address is 2725 N. Harwood, Dallas, TX 75201."); and (3) identified Nationstar's address ("Nationstar Mortgage LLC requests that all payments be made in certified funds, cashier's check or money orders(s) payable to and mailed to Nationstar Mortgage LLC at 350 Highland Drive, Lewisville, TX 75067."). It also included a contact telephone number for Nationstar Mortgage, LLC. In addition, and as discussed earlier, the application and the accompanying affidavit show that Nationstar was acting in its role as the mortgage servicer.

The record establishes that Nationstar is the servicer of the subject mortgage loan, has the power of sale conferred by the deed of trust, and that it properly conducted the February of 2017 foreclosure sale following the entry of the court order authorizing foreclosure. Accordingly, we conclude the trial court did not err in granting summary judgment for appellee, and we overrule appellants' issue.

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

171491F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARLES A. FARRIS, JESSIE FARRIS, AND ALL OTHER OCCUPANTS OF 2325 AVENUE C, GRAND PRAIRIE, TEXAS 75051, Appellants

No. 05-17-01491-CV          V.

NATIONSTAR MORGAGE LLC F/K/A CENTEX HOME EQUITY COMPANY LLC, Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-01834.
Opinion delivered by Justice Myers.
Justices Bridges and Osborne participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**. It is **ORDERED** that appellee NATIONSTAR MORGAGE LLC F/K/A CENTEX HOME EQUITY COMPANY LLC recover its costs of this appeal from appellants CHARLES A. FARRIS, JESSIE FARRIS, AND ALL OTHER OCCUPANTS OF 2325 AVENUE C, GRAND PRAIRIE, TEXAS 75051.

Judgment entered this 8th day of April, 2019.