**Affirmed and Memorandum Opinion filed November 23, 2021.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00319-CV

---

### DHI HOLDINGS, LLP, Appellant

### V.

### THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION F/K/A THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JP MORGAN CHASE BANK, AS TRUSTEE FOR RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-RS8; OCWEN LOAN SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER; U.S. BANK NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE NRZ PASS-THROUGH TRUST X,

### Appellees

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-08009**

---

## MEMORANDUM OPINION

Appellant DHI Holdings, LLP ("DHI") appeals from the granting of the summary judgment filed by appellees, The Bank of New York Mellon Trust Company, National Association f/k/a The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank, as trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2004-RS8; Ocwen Loan Servicing, LLC; Mortgage Electronic Registration Systems, Inc.; Nationstar Mortgage LLC d/b/a Mr. Cooper; U.S. Bank National Association, not in its individual capacity but solely as trustee of the NRZ Pass-Through Trust X, and the denial of its own motion for summary judgment. Concluding appellees met their summary judgment burden and DHI did not, we affirm the trial court's final judgment.

## BACKGROUND

In 2004 Donna Campbell, the original borrower, obtained a purchase-money mortgage loan from Homecomings Financial Network, Inc. to purchase a property located in Humble, Texas.[1] Campbell executed a deed of trust encumbering the real property in order to secure repayment of the loan. Mortgage Electronic Registration Systems, Inc. ("MERS") was appointed as the original beneficiary of the 2004 Deed of Trust. It is undisputed that the 2004 Deed of Trust was recorded in the Harris County property records soon after Campbell executed the loan documents. The 2004 Deed of Trust contains an optional acceleration clause entitling the lender and its assigns to accelerate the loan and call the entire balance due in the event that the borrower defaults.

In June 2012, MERS assigned the 2004 Deed of Trust to Bank of New York ("BONY"). BONY subsequently assigned the 2004 Deed of Trust to U.S. Bank.

---

[1] Some documents in the appellate record describe the property's location as Kingwood, Texas.

Nationstar has serviced the loan since February 2018 and Ocwen serviced the loan prior to that time.

Campbell failed to make required monthly payments on the loan and she failed to timely cure her default. As a result, in late 2012, Ocwen, the servicer of the loan at the time, sent Campbell notice of Ocwen's intent to accelerate the loan balance secured by the 2004 Deed of Trust. The record next indicates that Ocwen accelerated the entire balance of the loan in 2014. No foreclosure occurred as a result of the 2014 acceleration possibly because Ocwen agreed to place the loan into a Trial Modification Plan in October of that year. The October 2014 account statement informed Campbell:

> Please note that your loan has been accelerated and you are and will continue to be legally obligated to pay the accelerated amount. However, because you have entered into a Trial Modification Plan, Ocwen has agreed to accept the Trial Modification Plan Payment during the term of the Trial Modification Plan. Failure to make all Trial Modification Plan Payments may prevent you from receiving a permanent modification.

On June 17, 2015, Ocwen sent a new notice of default to Campbell. The notice advised Campbell that she was in default on her mortgage loan, that "[f]ailure to bring your account current will result in our election to exercise our right to foreclose on your property," and that "[u]pon acceleration, your total obligation will be immediately due and payable without further demand." The notice advised Campbell to pay $46,922.65, an amount less than the total amount of the loan, on or before July 24, 2015. The notice further informed Campbell that "[i]f your loan has already been accelerated and foreclosure proceedings already begun, we will continue the foreclosure action if possible."

After Campbell failed to cure the default, Ocwen accelerated the entire balance of the note on April 9, 2016. The April 9, 2016 notice of acceleration

specifically referenced the June 17, 2015 notice of default:

> You have previously been advised by letter dated 06/17/2015, of certain defaults under the Note or Deed of Trust and informed of the intent to accelerate the maturity of the Note if defaults therein were not cured within the specified time period. Because of defaults in complying with the terms and provisions of the Note and Deed of Trust, notice is hereby given that the present legal holder of the Note HAS ACCELERATED THE MATURITY DATE OF THE NOTE. As result of such acceleration, the entire unpaid principal balance of the Note and all accrued interest and all other sums lawfully owing on the Note or under the Deed of Trust are now due and payable and demand is hereby made for the immediate payment in full of all such sums. As of 04/15/2016, the total amount due is $160,140.09.

(emphasis in original) Subsequently, Ocwen set the foreclosure sale of the Humble property for February 7, 2017.

While these events were unfolding, Elm Grove Village Community Association ("Elm Grove") assessments on the Humble property were not paid. Elm Grove filed suit and the county court at law issued a decree of sale. The county court at law ordered that Elm Grove "have FORECLOSURE of its lien created by the provisions of the Restrictions." It further ordered any sheriff or constable to "seize and sell the Premises the same as under execution, in satisfaction of this Final Summary Judgment subject to any superior liens provided for in the Restrictions or at law . . . ." In December 2015, the Harris County Precinct 4 Constable's Office conducted the sale of the property. DHI obtained Elm Grove's interest in the Humble property at that sale for $6,000.00. Elm Grove subsequently recorded a deed memorializing DHI's purchase of the Humble property at the constable's sale.

DHI filed suit against appellees asserting numerous causes of action including (1) quiet title; (2) violation of section 12.002 of the Texas Civil Practice and Remedies Code; (3) negligence per se; (4) gross negligence; (5) fraud; (6)

4

seeking an accounting of Campbell's loan; and (7) several requests for declaratory relief that would have prevented enforcement of the 2004 Deed of Trust. The substance of DHI's claims was that appellees had accelerated the loan in 2014, had then not foreclosed on the property, and the statute of limitations had expired four years later rendering their lien void. DHI moved for partial summary judgment on that basis. The trial court denied DHI's motion.

Appellees eventually filed a motion for final summary judgment arguing that DHI did not have standing to pursue its claims and also that its quiet title suit and other claims failed as a matter of law because they had abandoned the 2014 loan acceleration. The trial court granted appellees' motion on all claims asserted by DHI. DHI filed a motion for new trial, which the trial court denied. This appeal followed.

## ANALYSIS

DHI raises two issues in this appeal challenging the summary judgment only on its quiet title cause of action. In its first issue, DHI challenges the trial court's order granting appellees' motion for summary judgment. In its second issue, DHI argues the trial court erred when it denied its own motion for partial summary judgment asserting that limitations had expired rendering appellees' lien void. In both issues DHI argues the trial court erred because the summary judgment evidence conclusively proved that appellees had accelerated the loan in 2014, that appellees had not abandoned those accelerations, and the statute of limitations had passed four years later rendering appellees' lien void. Because both issues turn on the same facts and law, we address them together.[2]

_____

[2] Appellees argue in their response brief that DHI does not have standing to challenge the assignments of the 2004 Deed of Trust that occurred in this case. DHI, however, does not raise an issue in this appeal challenging any of the assignments that occurred. We therefore need not reach appellees' standing arguments related to the assignments. To the extent appellees'

5

## I.    Standard of review and appliable law

We review a trial court's order granting a traditional summary judgment de novo. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). When both parties move for summary judgment, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). When the trial court grants one motion and denies the other, the appellate court reviews both motions and determines all questions presented. *Id.* The reviewing court should then render the judgment that the trial court should have rendered, or reverse and remand if neither party met its summary judgment burden. *Id.*

We consider all of the summary judgment evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez,* 206 S.W.3d 572, 582 (Tex. 2006); *Ron v. AirTran Airways, Inc.*, 397 S.W.3d 785, 788 (Tex. App.—Houston [14th Dist.] 2013, no pet.). When a party with the burden of proof moves for summary judgment on its claim, it must conclusively prove all essential elements of its claim as a matter of law. *Cullins v. Foster*, 171 S.W.3d 521, 530 (Tex. App.—Houston [14th Dist.] 2005, pet. denied).

A secured lender must bring suit to foreclose on a real property lien "not later than four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.035(a). As a general rule, the accrual date is the maturity date of

---

arguments can be construed as a challenge to DHI's standing to pursue a quiet title cause of action, we conclude that since DHI's interest in the property would be affected if appellees foreclose on the property, DHI has standing to pursue its claims raised in this appeal. *See Morlock, L.L.C. v. Nationstar Mortg., L.L.C.*, 447 S.W.3d 42, 45 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (concluding plaintiff which acquired interest at a foreclosure sale had standing to pursue cause of action seeking to remove deed of trust as a cloud on title).

the note, rather than the date of a borrower's default. *See id.* § 16.035(e). If, as here, the security instrument contains an optional acceleration clause, the cause of action accrues when the lender exercises its option to accelerate the maturity date of the note. *See Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). Effective acceleration requires both notice of intent to accelerate and notice of acceleration, and both notices must be clear and unequivocal. *Id.*

Once a lender has accelerated the maturity date of the note, the lender can restore the original maturity date—and thereby reset the running of limitations—by abandoning the acceleration. *Id.* at 566–67. Abandonment is based on the concept of waiver and requires proof that the party has an existing right, has actual knowledge of the right, and intends to relinquish the right or engages in intentional conduct inconsistent with the right. *See Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008). "Intent is the critical element, and its manifestation must be unequivocal." *Swoboda v. Ocwen Loan Servicing, LLC*, 579 S.W.3d 628, 633 (Tex. App.—Houston [14th Dist.] 2019, no pet.).

The best means of achieving an abandonment is through written notice of rescission. *Id.* (citing Tex. Civ. Prac. & Rem. Code § 16.038(a) (providing for this method)). This is not, however, the exclusive method. *Id.* (citing Tex. Civ. Prac. & Rem. Code § 16.038(e)). Abandonment can also be accomplished through an agreement between the parties, through other joint actions, or through unequivocal, unilateral conduct of the lender. *See id.* at 633, 635–36. Whether a lender has abandoned an acceleration is generally a question of fact, but when the facts are admitted or clearly established, abandonment may be determined as a matter of law. *Swoboda*, 579 S.W.3d at 633 (citing *Holy Cross Church*, 44 S.W.3d at 566–67).

## II.     Appellees established abandonment of the 2014 acceleration of the debt

**as a matter of law.**

We turn first to DHI's argument that an anti-waiver provision in the 2004 Deed of Trust estops appellees from arguing that requesting a partial payment constitutes an unambiguous abandonment of a loan acceleration. Section 12 of the 2004 Deed of Trust provides:

> **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

In addition, section 1 of the 2004 Deed of Trust provides that the "Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted."

We have previously addressed and rejected the same argument in another case involving a similar anti-waiver provision. *See Citibank N.A. as Trustee for NRZ Pass-Through Trust VI v. Pechua, Inc.*, 624 S.W.3d 633, 642 (Tex. App.—Houston [14th Dist.] 2021, pet. filed). There, we held that the anti-waiver "clause does not prohibit the Bank from abandoning a prior acceleration. The

abandonment of a specific event of acceleration and the waiver of a right to accelerate and foreclose are distinct concepts." *Id.* We therefore reject DHI's anti-waiver argument for the same reasons stated in *Citibank, N.A. Id.*

Next, we turn to whether either side in this dispute met their summary judgment burden. It is undisputed that appellees accelerated the debt in 2014. Therefore, the issue on appeal is whether appellees' summary judgment evidence proved as a matter of law that they abandoned the 2014 acceleration and thereby reset the limitations clock and conversely, whether DHI proved as a matter of law they did not. *See id.* at 640 ("The key question here is whether the notices in question unequivocally manifested an intent to unilaterally abandon the prior acceleration.").

We conclude appellees met their summary judgment burden through two documents in the summary judgment record. The first is the June 16, 2015 Notice of Default. Appellees argue this notice establishes it abandoned the 2014 acceleration because it requested payment of an amount less than the total accelerated debt and also informed Campbell that "[u]pon acceleration, your total obligation will be immediately due and payable without further demand." The second is a June 16, 2015 account statement. This statement referenced the original 2034 maturity date and informed Campbell that the total amount due was $48,229.10 and they requested payment of that amount through an attached payment coupon.

In *Citibank, N.A.*, we addressed the effect of similar documents. Based on those documents, we held the lender established abandonment of acceleration through a notice of acceleration that (1) notified the borrower it could cure the default by paying the past due amount, not an accelerated amount; (2) requested payment of the past due amount; and (3) informed the borrower that the loan

9

would be accelerated if the past due amount was not paid by a specified date. *Id.* at 642. As there is no legally significant difference between the facts in *Citibank, N.A.* and the present appeal, we follow our binding precedent and hold appellees conclusively established they abandoned the 2014 acceleration and thereby reset limitations. *Id.*

We reached a different result in another recent case, but we conclude it is distinguishable on its facts. In *Swoboda*, we held that the lender did not conclusively prove abandonment of acceleration because the account statement in the summary judgment record did not actually request payment and it did not indicate that the borrower could bring his account current by paying the past due amount mentioned in the statement. *See Swoboda*, 579 S.W.3d at 635. We also observed that the account statement appeared to be an incomplete copy because it did not include a payment coupon. *Id.* Because our record includes the items we pointed out were missing in *Swoboda*, we hold that the trial court did not err when it granted appellees' motion for summary judgment and denied DHI's. We therefore overrule DHI's issues on appeal.

## CONCLUSION

Having overruled DHI's issues on appeal, we affirm the trial court's final judgment.

/s/     Jerry Zimmerer
Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.